PER CURIAM.
This cause was orally argued before the Court and the briefs and record on appeal have been read and given full consideration. In view of the conflicting evidence in the record, and the conflicting inferences which may be reasonably drawn therefrom, we are not persuaded that the chancellor erred as a matter of law in holding that the insured’s daughter was not a resident of the insured’s household at the critical period of time involved herein within the meaning and intent of the insurance policy which forms the basis of this action. Our opinion in this regard is largely controlled by the recent decision of the Supreme Court in the Florence M. Miclder guardianship case,[1] which affirmed the decision rendered by this Court in the same case.[2] In each of these decisions it was held that F.S. Section 744.11, F.S.A., which fixes the venue for the institution of guardianship proceedings and which provides that venue shall be in the county where “the incompetent resides,” the quoted language shall be construed to mean the legal residence or domicile of the incompetent, and not the place where the incompetent may be living or residing.
Appellant having failed to demonstrate reversible error, the decree hereby appealed is affirmed.
WIGGINTON, Acting C. J., and RAWLS, J., concur.
McNATT, Associate Judge, specially concurs.

. In re Guardianship of Mickler, Fla.1964, 163 So.2d 257.

. In re Guardianship of Mickler, (Fla.App.1963) 152 So.2d 205.